UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS C. THORNBERRY, | : | |
| Plaintiff, | : | |
| v. | : | 3:06-cv-1375 (WWE) |
| RICHARD F. TOLISANO, ESQ., | : | |
| Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This action arises from plaintiff Thomas C. Thornberry's claims that defendant Richard F. Tolisano, Esq. violated his rights pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692; the Connecticut Creditors' Collection Practices Act, Conn. Gen. Stat. section 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. section 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. section 42-110a. Defendant argues that plaintiff's complaint fails to state claims upon which relief can be granted and should be dismissed. Plaintiff responds that defendant's motion to dismiss should be denied because it is untimely.

**BACKGROUND**

Plaintiff alleges that defendant communicated with plaintiff or others on or after one year before the date of the underlying action in connection with collection efforts made regarding plaintiff's disputed personal debt. He also claims that defendant

1

violated CUTPA and the Creditors' Collection Practices Act or the Consumer Collection Agency Act through his acts and practices within three years prior to the date of the present action.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Defendant argues that plaintiff's complaint cannot withstand a motion to dismiss because it is merely a skeletal outline that sets forth bald conclusory accusations that defendant violated federal and state law. Both counts of the complaint are completely devoid of any factual allegations to support plaintiff's claims of any statutory violations. While plaintiff does cite statutes which he claims defendant violated, he provides no substance to his claims. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002).

This case resembles Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002), in which plaintiff filed a complaint strikingly similar to that filed in the present matter. The Second Circuit described the complaint as setting forth "only the bare minimum required under the notice pleading standard applicable in federal courts." Id. at 124. The complaint put forth the statutory provisions plaintiff claimed defendants violated and included conclusory allegations much like those plaintiff asserts here.[1] Despite her inclusion of a more detailed factual basis for defendants' alleged violations in her opposition papers, the district court dismissed Kropelnicki's case for failure to state a claim. The Second Circuit affirmed. Recognizing the consonance between the instant suit and Kropelnicki, this Court will grant defendant's motion to dismiss because plaintiff fails to state a claim upon which relief can be granted.

In his response to defendant's motion to dismiss, plaintiff argues that the motion should be denied because it is untimely. The Court finds this argument unavailing. Because this Court denied defendant's motion for a more definite statement of the complaint on January 18, 2007 [Doc. #15], it finds that defendant's filing of its motion to dismiss on February 7, 2007 is timely.

---

[1]Kropelnicki alleged that: "(1) defendants directly or indirectly communicated with the plaintiff or others on or after June 14, 1999, in connection with collections efforts with regard to" plaintiff's alleged personal debt; "(2) in the collection efforts, each defendant violated the FDCPA;" "(3) on or after June 14, 1997, each defendant has engaged in acts and practices as to plaintiff in violation of the CCPA;" and "(4) each defendant has committed unfair or deceptive acts or practices within the meaning of CUTPA." Id. at 125.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [Doc. #16] is GRANTED. The Clerk is instructed to close this case.

Dated this 16th day of April, 2007 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge